**Slip Op. 06-119**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

|  |  |  |
|---|---|---|
| **HYNIX SEMICONDUCTOR, INC.,** | : | |
| **HYNIX SEMICONDUCTOR** | : | |
| **AMERICA, INC.,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | **Before: Carman, Judge** |
| **v.** | : | |
| | : | **Court No. 01-00988** |
| **UNITED STATES,** | : | |
| | : | |
| **Defendant,** | : | |
| | : | |
| **and** | : | |
| | : | |
| **MICRON TECHNOLOGY, INC.,** | : | |
| | : | |
| **Defendant-Intervenor.** | : | |
| | : | |

**JUDGMENT**

This matter comes before the Court pursuant to the decision of the United States Court of Appeals for the Federal Circuit ("CAFC") in Hynix Semiconductor, Inc. v. United States, 424 F.3d 1363 (Fed. Cir. 2005), reversing in part and remanding the judgment of the Court in Hynix Semiconductor, Inc. v. United States, 28 CIT __, 318 F. Supp. 2d 1314 (2004) ("Hynix III"). Based on the CAFC's decision, this Court remanded this matter to the United States Department of Commerce ("Commerce"). Commerce was instructed to recalculate Hynix's antidumping duty rate by expensing research and development costs. See Hynix Semiconductor, Inc. v. United States, No. 01-00988 (Ct. Int'l Trade Feb. 16, 2006). As to all other issues, this Court's opinion in Hynix III controls.

On March 31, 2006, Commerce issued its Final Results of Redetermination Pursuant to Court Remand ("Remand Redetermination"). In the Remand Redetermination, Commerce recalculated Hynix's weighted-average antidumping duty by expensing research and development costs in accordance with the CAFC decision. Commerce determined that Hynix's margin of dumping for the period of May 1, 1999, through December 30, 1999, is 2.70 percent. Further, Commerce corrected the

ministerial error, identified by Micron in <u>Hynix III</u>, and used the corrected margin program for calculating Hynix's importer-specific assessment rate.

Having received, reviewed, and duly considered Commerce's <u>Remand Redetermination</u> and comments from the parties, this Court holds that Commerce complied with the remand order. Further, this Court holds that Commerce's <u>Remand Redetermination</u> is reasonable, supported by substantial evidence on the record, and otherwise in accordance with law; and it is hereby

**ORDERED** that Commerce's <u>Remand Redetermination</u> of March 31, 2006, is affirmed in its entirety.

__/s/ Gregory W. Carman__
Gregory W. Carman

Dated:  July 31, 2006
         New York, New York